IN RE GUARDIANSHIP OF L. C. BURGIN.

**GUARDIAN AND WARD:** Accounting—Burden of Proof and Plea. Principle reaffirmed that a guardian, on final accounting, may not have credit for expenditures not pleaded, and, as to items pleaded, may not have credit, in the absence of proof that the same were a reasonable and fairly necessary expenditure for the ward.

*Appeal from Clay District Court.*—JAMES DELAND, Judge.

JUNE 25, 1921.

TRIAL was had upon exceptions to a guardian's report. Upon trial had, the trial court approved the report as to many items,- approved the same in part as to many other items, and disapproved the same as to many others. The guardian was allowed credit for all items approved, and was charged upon such basis with the balance remaining in her hands. The appeal is by the guardian.—*Affirmed.*

*J. W. Cory & Son,* for appellant.

*Heald & Cook,* for appellees.

EVANS, C. J.—The insane ward was committed to the hospital in 1908, and died therein some time in 1915. His wife, Ella M. Burgin, was appointed as guardian, and served as such during the entire period of his disability, extending over more than 7 years. Approximately $8,400 came into her hands, as such guardian. By the final order of the court, she received credit upon disbursements to the amount of approximately $5,300, and was charged with the balance, with interest thereon. Just what the total footing was of the amount of credits claimed by the guardian, does not appear in the abstract, except as the same could be ascertained by laborious examination and computation. It is sufficient to say that the total of credits claimed, approximated the amount of money received. The findings of the trial

court appear in the record, and disclose what items were allowed. It appears therefrom, also, that the disallowance of virtually all other items was on the ground of lack of satisfactory evidence in their support. We have before us, therefore, only a fact case, triable and tried before the trial court without a jury. The report of the guardian consisted of 37 paragraphs, each of which contained a large number of items, reaching a total of several hundred. Though appellant's brief contains 31 formal assignments of error, it argues the case *de novo* without discrimination between items *allowed* by the court and those *disallowed*. For instance, the first assignment of error is as follows:

"That the court erred in holding that the guardian was not entitled to any salary as guardian, in Paragraph 1, and in not allowing her at least $200 per year for 7 years and 7 months on her account rendered."

This is later followed by argument to the effect that the undisputed evidence showed that $200 per year was a reasonable compensation for the services, and that no compensation was allowed; whereas, it appears from the appellant's abstract that Paragraph 1 was a claim for compensation at the rate of $150 per year, amounting to a total of $1,137.50; and whereas, it further appears from the amended abstract of appellee that this item *was allowed by the court in toto*. The foregoing is illustrative of too much of appellant's brief. It adds new confusion to a record already saturated with it. Upon due reflection, we are sure that no one can more fully appreciate than the distinguished counsel for appellant *will*, how greatly impaired is the service which a brief in such form can render to an appellate tribunal. The case is reviewable here upon errors. We cannot ignore the findings of fact by the trial court, nor override his judgment as to the weight of evidence. The burden was upon the guardian to show by satisfactory evidence that each item for which she claimed was a fairly reasonable and necessary expenditure on behalf of her ward and his estate. The findings of the trial court disclose that, as to scores of these items, the evidence in their support was either wanting or very meager, and that they were rejected on that ground, after solving all doubts in favor of the guardian. An examination of the record

by us discloses that, as to the items rejected, the evidence *was* meager. As to many of these items, statements of fact in appellant's brief make them appear reasonable and allowable. But such statements will not take the place of the required evidence before the trial court.

Disregarding for the moment the detailed evidence, a bird's-eye view of this case is suggestive of the possibility that, through forgetfulness and bad bookkeeping and dilatory accounting, this guardian may have despoiled herself of much that was her due. Though the ward was under disability, his estate was still subject to his legal obligations, including the obligation to support his wife, even during the period of his disability. The amount received was between $8,000 and $9,000, during a period of nearly 8 years. Taking into account the items allowed by the court, none of which were for the support of the widow, there is no great degree of probability that any funds are left in her hands. But she did not ask any allowance for her own support, and the trial court could only deal with the items of credit which she presented and claimed in her report. As to such items, the court dealt liberally with her, and solved all doubts in her favor, as appears from his finding of facts. If our power were arbitrary, and if our duty were to divine facts where evidence is absent, we should not be unwilling to trust our intuitive sense of a large justice, and to balance the account in favor of this appellant. The only persons interested adversely to her are her daughters. But arbitrary power is not ours to exercise. We are bound by the evidence in the record. In that respect, the daughters have greater power than we. They have the power in this case to recognize intuitive justice, and to extend it, if they will, to one who has lost her fight. If, after years of vain litigation, the mother may yet find in the breasts of her own sucklings a more humane forum than is afforded to her here, so be it. The judgment entered below must be affirmed.— *Affirmed.*

PRESTON, STEVENS, and ARTHUR, JJ., concur.